UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL TRIBBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO: 1:22-cv-494 |
| | ) |
| SEPARATORS, INC., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiff, Michael Tribby, brings this action against Defendant, Separators, Inc., for unlawfully violating his rights protected by the Age Discrimination in Employment Act of 1967 (hereinafter "ADEA"), 29 U.S.C. §621, et. seq., the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 et seq., the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., and Indiana Law.

**PARTIES**

2. At all times relevant to this action, Tribby resided within the Southern District of Indiana.

3. Defendant Separators, Inc. does business within the Southern District of Indiana.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343; 29 U.S.C. §626, 42 U.S.C. § 12117, 29 U.S.C. § 2617(a)(2) and 28 U.S.C. § 1367.

5. Tribby was an "employee" as that term is defined by the ADEA, 29 U.S.C. §630(b), and an "eligible employee" under the ADA, 42 U.S.C. § 12111(4) and the FMLA, 29 U.S.C. § 2611(2)(a).

6. Plaintiff is an individual who has been regarded as having a disability as that term is defined by the ADA, 42 U.S.C. § 12102(2) and/or Plaintiff is an individual with a disability and/or record of a disability, as that term is defined by the ADA, 42 U.S.C. § 12102(2) and 12111(8). Plaintiff is a "qualified individual with a disability" and/or has been perceived by Defendants to be disabled.

7. Defendant is an "employer" as that term is defined by the ADEA, 29 U.S.C. §630(b), the ADA, 42 U.S.C. § 12111(5)(A) and the FMLA, 29 U.S.C. § 2611(4)(a).

8. Tribby exhausted his administrative remedies by filing charge number 470-2021-02489 with the U.S. Equal Employment Opportunity Commission against Defendant and receiving the appropriate notice of suit rights. Tribby files the instant matter within ninety (90) days of receipt of said notice.

9. Plaintiff's state law claims arise from the same common nucleus of operative facts as his federal law claims and all of his claims thus form a single case and controversy under Article III of the United States Constitution.

10. All of the events, transactions, and occurrences pertinent to this lawsuit have occurred within the geographical environs of the Southern District of Indiana and all parties are located therein. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

**FACTUAL ALLEGATIONS**

11. Plaintiff Michael Tribby, born in 1963, was hired by Respondent Separators, Inc. in March 2003 as a service technician. Beginning in 2017, he worked as a Senior Service Engineer.

12. Tribby's work performance met or exceeded the Defendant's legitimate expectations at all relevant times.

13. On or about November 14, 2016, Tribby suffered a workplace injury in which he twisted and strained his left knee.

14. In 2020, Tribby's doctor informed him that he would need surgery for the hernia he suffered due to heavy lifting at work.

15. In 2018, Tribby took leave under the FMLA for spinal fusion surgery.

16. Tribby suffers from physical impairments of his knees, which substantially limits one or more of his major life activities, including but not limited to walking, and affects his musculo-skeletal function.

17. Tribby suffers from physical impairment of his spine, which substantially limits one or more life activities, including but not limited to sitting, and affects his musculo-skeletal function.

18. Tribby also suffers from a sleep disorder, which substantially limits one or more of his major life activities, including but not limited to sleeping, and affects his respiratory function.

19. In 2020, Tribby took leave under the FMLA for an upper hernia operation.

20. Tribby's impairments are not transitory or minor, and last longer than six months.

21. Tribby is a qualified individual with disabilities, is regarded as disabled by Defendants, and/or has a record of disabilities.

22. Tribby notified Defendant of his disabilities.

23. In response an inquiry from his supervisor, Field Service Manager Adam Johannes, regarding his travel time and plant time, Tribby informed Johannes that he suffers from physical impairments which require him to stop periodically and get out of the car to stretch on long drives and use the bathroom, and provided Johannes with a note from his doctor.

24. In or about September, 2020, Tribby complained to Defendant's Human Resources Representative Tony Walker that Johannes belittled and harassed him about his disabilities, and requested the reasonable accommodation for his disability of being permitted to use the restroom multiple times throughout the day.

25. Johannes called Tribby a "crybaby" for taking steps to care for his disabilities.

26. While Walker told Tribby that he had no problem with him taking bathroom breaks multiple times a day, Johannes continued to harass Tribby regarding his drive time and disabilities.

27. Defendant paid non-disabled service technicians and engineers more than it paid Tribby.

28. On May 14, 2021, Defendant terminated Tribby, purportedly due to a customer complaint.

29. The cause of the customer complaint was a mistake made by another employee. Defendant did not discipline or terminate the employee who made the mistake.

30. Similarly-situated younger employees, non-disabled employees, and/or employees who had not taken leave under the FMLA or filed a claim for workers' compensation have been treated more favorably than Tribby.

31. Defendant replaced Tribby with a less qualified and significantly younger non-disabled individual.

32. Tribby has been harmed by Defendant's unlawful actions, including but not limited to, financial loss, embarrassment, humiliation, and emotional distress.

## LEGAL ALLEGATIONS
### Count I: Age Discrimination

33. Tribby incorporates paragraphs one (1) through thirty-two (32) of his Complaint herein.

34. Defendant intentionally and willfully discriminated against Tribby because of his age.

35. Similarly-situated younger employees have been treated more favorably than Tribby in the terms, conditions, and privileges of their employment.

36. The reasons put forth by Defendant for terminating Tribby are pretextual.

### Count II: ADA Violations

37. Plaintiff hereby incorporates paragraphs one (1) through thirty-six (36) of his Complaint.

38. Defendant unlawfully terminated Tribby based on his disability, record of disability, or, alternatively, because Defendant regarded Tribby as disabled.

39. Plaintiff requested reasonable accommodations for his disabilities.

40. Plaintiff complained to Defendant that it harassed him regarding his disabilities.

41. Plaintiff's requests for reasonable accommodations and complaint(s) constitute statutorily protected activity.

42. Defendant subjected Plaintiff to disparate treatment in retaliation for requesting reasonable accommodations and/or complaining of harassment due to his disabilities.

43. Defendant's stated reasons for terminating Tribby are pretextual.

44. Defendant's discrimination against Tribby was done in reckless disregard for Tribby's federally protected rights.

45. Actions of Defendant caused Tribby both emotional and economic harm.

46. Intentional and unlawful employment actions of Defendant and Union have violated Plaintiff's rights as they are protected by the Americans with Disabilities Act (ADA), as amended 42 U.S.C. § 12101 et seq.

## Count III: FMLA Violations

47. Tribby incorporates all of the allegations set forth in paragraphs one (1) through forty-six (46) of this Complaint.

48. Tribby properly notified SMC of his need for leave for FMLA-qualifying reasons.

49. SMC unlawfully discriminated against and retaliated against Tribby in violation of the FMLA.

50. SMC terminated Tribby in retaliation for his exercise of rights under the FMLA.

51. Retaliation by SMC against Tribby violated the FMLA, 29 U.S.C. §2615(a) by discriminating against him due to his attempts to exercise her rights under the FMLA.

52. Actions by SMC were intentional, willful, done in bad faith, and in reckless disregard of Tribby' federally protected rights under the FMLA.

**Count III: Retaliatory Discharge in Violation of Indiana Common Law against Defendant**
*(Frampton Claim)*

53. Plaintiff hereby incorporates paragraphs one (1) through fifty-two (52) of his Complaint.

54. Tribby qualified for Workers' Compensation benefits.

55. Defendant terminated Tribby in retaliation for requesting and/or qualifying for Workers' Compensation.

56. Defendant acted maliciously or with reckless regard to Tribby's rights as protected by Indiana common law.

57. Tribby has suffered damages as a result of Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Michael Tribby, respectfully requests that this Court enter judgment in his favor and provide him the following relief:

1. Reinstatement to his prior position, salary, seniority, and benefits, or pay front pay in lieu of reinstatement;

2. Enjoin Defendants from future violations of the ADEA and ADA;

3. All lost wages, benefits, compensation, and monetary loss suffered as a result of Defendants' unlawful actions;

4. Compensatory, consequential, and punitive damages;

5. Liquidated damages for intentional violations of the ADEA;

6. All attorneys' fees, litigation expenses, and costs incurred as a result of bringing this action;

7. Pre- and post-judgment interest on all sums recoverable; and

8. All other legal and/or equitable relief to which he is entitled.

## DEMAND FOR JURY TRIAL

Comes now the Plaintiff, Michael Tribby, by counsel, and demands a trial by jury on all issues deemed so triable.

    Respectfully submitted,

    John H. Haskin (7576-49)
    Paul A. Logan (17661-02)
    JOHN H. HASKIN & ASSOCIATES
    255 North Alabama Street, 2nd Floor
    Indianapolis, IN 46204
    Telephone:  (317) 955-9500
    Facsimile:  (317) 955-2570
    E-Mail:  jhaskin@jhaskinlaw.com
        plogan@jhaskinlaw.com
    Attorneys for Plaintiff